FILED
United States Court of Appeals
Tenth Circuit

**March 6, 2023**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYVELL VANN,

Defendant - Appellant.

No. 22-2111
(D.C. No. 1:12-CR-00966-PJK-SMV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Appellant Rayvell Vann is serving a sentence due to his conviction by a jury in 2013, of possessing PCP and codeine with the intent to distribute. Although the PCP charge carried a threshold mandatory minimum sentence of five years, Mr. Vann's prior conviction for possessing a controlled substance raised that minimum term to fifteen years. 21 U.S.C. § 841(b)(1)(B) (2012). The district court imposed the enhanced sentence under § 841, incarcerating Mr. Vann for the fifteen-year

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

mandatory minimum on the PCP conviction. The court also imposed a twelve-month sentence for the codeine charge to run concurrently with the fifteen-year PCP sentence.

We affirmed Mr. Vann's conviction on direct appeal, *United States v. Vann*, 776 F.3d 746 (10th Cir. 2015), and in 2018, we denied his petition for a certificate of appealability for the denial of his initial motion under 28 U.S.C. § 2255, *United States v. Vann*, 715 F. App'x 865, 866 (10th Cir. 2018). Undeterred, Mr. Vann has filed nine motions that the district court has characterized as successive petitions under § 2255. *See* 1R. at 62–64 (detailing the motions and dispositions). Mr. Vann also filed four motions seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Supp.2R. at 52–56 (first); *id.* at 102–07 (second); 1R. at 43–57 (third); *id.* at 70–74 (fourth). In response to the deluge of meritless motions, the district court entered an order prohibiting Mr. Vann "from filing any further pro se filings with this court raising claims brought in his successive § 2255 motions and arguments related to those claims that have already been decided by this court." Supp.2R. at 108.

In August 2022, Mr. Vann filed another motion for compassionate release, which is the subject of this appeal. 1R. at 70–74. In that motion, Mr. Vann raised several grounds for compassionate release, including his "extraordinary rehabilitation and accomplishments while in prison," *id.* at 71; his deteriorating health, *id.* at 73; and a change in the law such that, if sentenced today, he would not receive a § 851

2

enhancement increasing the mandatory minimum from five to fifteen years, *id.* at 71–72. The district court denied the motion. *Id.* at 75.

The district court determined that Mr. Vann's § 851 enhancement argument was essentially a challenge to the validity of his sentence and should have been brought under § 2255. *Id.* at 76. The court concluded, "this part of the motion violates the court's order imposing filing restrictions and will not be considered." *Id.* As to Mr. Vann's other arguments, the court found they were properly considered under § 3582(c)(1)(A), but it denied them on the merits. *Id.* at 76–77.

On appeal, Mr. Vann argues the district court erred by refusing to consider his change in the law argument as a proper ground for compassionate release. Mr. Vann is correct, and the Government concedes as much. We have held that changes in the law that would have reduced the defendant's sentence if they had been available at his sentencing are properly considered as supporting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), even when those changes are not made retroactive. *See United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021) (reversing district court's refusal to consider a nonretroactive reduction in the statutory penalty as grounds for compassionate release); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (affirming district court's reliance on nonretroactive reduction in statutory penalty as grounds for compassionate release). Nor can we conclude the district court's error was harmless because the disparity in mandatory minimum sentences may have influenced its exercise of its wide discretion.

3

Accordingly, we reverse and remand to the district court so that it can consider the change in the law regarding the § 841 enhancement, along with other relevant factors, in determining whether to grant Mr. Vann compassionate relief under 18 U.S.C. § 3582(c)(1)(A).

Entered for the Court

Carolyn B. McHugh
Circuit Judge